

THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

July 28, 2023

VIA ELECTRONIC FILING

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

    Re:   *Port Arthur Community Action Network v. Texas Commission on Environmental Quality, et al.*; Case No. 22-60556

Dear. Mr. Cayce:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Respondents Texas Commission on Environmental Quality ("TCEQ") and Jon Niermann, in his official capacity as Chairperson of TCEQ, submit this letter to advise the Court of the Texas Third Court of Appeals' recent decision in *Tex. Comm'n on Envtl. Quality v. Vecinos Para El Bienestar De La Comunidad Costera*, No. 03-21-00395-CV, 2023 WL 4670340 (Tex. App.—Austin July 21, 2023, no pet. h.). The Third Court's opinion discusses the same state-federal jurisdiction regime under the Natural Gas Act, 15 U.S.C. § 717r(d)(1), at issue in this case and provides additional support for the parties' assertion that the proper forum for this suit is this Court, while the proper legal standards derive from state law. TCEQ Br. 20.

    In *Vecinos*, the Third Court found that the Natural Gas Act provides for forum preemption, but not subject-matter preemption, for judicial review of TCEQ permits issued to certain Liquified Natural Gas ("LNG") facilities. The court acknowledged the unusual and awkward posture of the Fifth Circuit reviewing a TCEQ decision under state law but recognized that

> Congress can expressly designate an exclusive federal forum for specified claims irrespective of the law to be applied. Although Port Isabel contends that its claim for judicial review is based purely on state law, Congress has adopted a hybrid model of federal and state

Mr. Lyle W. Cayce
July 28, 2023
Page 2

> regulation and enforcement in the air-quality field but has expressly provided that permit decisions relating to LNG facility construction must be reviewed exclusively by federal courts of appeal even if the permits at issue were considered by state agencies acting pursuant to federal law.

*Vecinos*, 2023 WL 4670340, at *3. Ultimately, the Third Court determined that state courts lack jurisdiction to review air quality permits issued by TCEQ to LNG facilities because original and exclusive jurisdiction lies with the Fifth Circuit.

    Sincerely,

    */s/ Erin K. Snody*
    ERIN K. SNODY
    Assistant Attorney General
    State Bar No. 24093056
    Erin.Snody@oag.texas.gov

    J. AMBER AHMED
    Assistant Attorney General
    State Bar No. 24080756
    Amber.Ahmed@oag.texas.gov

    *Attorneys for Respondents*
    *Texas Commission on Environmental Quality and Jon Niermann, in his official capacity as Chairperson of the Texas Commission on Environmental Quality*

Mr. Lyle W. Cayce
July 28, 2023
Page 3

# CERTIFICATE OF SERVICE

    I certify that on July 28, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Colin Cox
ENVIRONMENTAL INTEGRITY PROJECT
1206 San Antonio Street
Austin, Texas 78701
colincox@environmentalintegrity.org

Amy Catherine Dinn
Natasha Bahri
Chase Porter
LONESTAR LEGAL AID
1415 Fannin Street
Houston, Texas 77002
adinn@lonestarlegal.org
nbahri@lonestarlegal.org
cporter@lonestarlegal.org

*Attorneys for Petitioners*

Derek McDonald
BAKER BOTTS LLP
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
derek.mcdonald@bakerbotts.com

Aaron M. Streett
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
aaron.streett@bakerbotts.com

*Attorneys for Intervenor*

                                                */s/ Erin K. Snody*
                                                Erin K. Snody

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00395-CV

**Texas Commission on Environmental Quality and Texas LNG Brownsville, LLC, Appellants**

v.

**Vecinos Para El Bienestar De La Comunidad Costera, and City of Port Isabel, Texas, Appellees**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004038, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Commission on Environmental Quality (TCEQ) and Texas LNG Brownsville, LLC, appeal the trial court's order denying their plea to the jurisdiction regarding the suit by appellees Vecinos Para El Bienestar De La Comunidad Costera and the City of Port Isabel. Texas LNG applied to TCEQ for an air permit for construction of a liquefied natural gas (LNG) terminal along the Brownsville Ship Channel, which Vecinos and Port Isabel opposed. After a contested-case hearing at the State Office of Administrative Hearings, TCEQ issued the permit. *See An Order Granting the Application By Texas LNG Brownsville LLC for Permit No. 139561*, TCEQ Docket No. 2019-0624-AIR, SOAH Docket No. 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, 2020 WL 2544372 (Tex. Comm'n Envtl. Quality) (May 12, 2020) (final order) (TCEQ Order).

Vecinos and Port Isabel sought judicial review of TCEQ's grant of the permit, contending that TCEQ's issuance of the permit was arbitrary and capricious and not reasonably

supported by substantial evidence. Texas LNG intervened and the suits were consolidated. TCEQ and Texas LNG filed a joint plea to the jurisdiction, contending that the federal Natural Gas Act provides that federal courts of appeals—not state courts—have exclusive jurisdiction to review challenges to state agency permits required by federal law for natural-gas terminals. *See* 15 U.S.C. § 717r(d)(1). The trial court denied their plea to the jurisdiction. We will reverse the order and dismiss the case.

## STATUTORY BACKGROUND

The applicable laws and regulations and the cases and administrative opinions interpreting those laws and regulations discussed in this opinion use a plethora of acronyms and strings of initials for statutes, regulations, agencies, and procedures. For ready reference, this list compiles the acronyms and strings of initials defined below in this opinion:

| | |
|---|---|
| AQA | Air Quality Analysis |
| BACT | Best Available Control Technology |
| CAA | Clean Air Act; can be used with multiple states |
| EPA | federal Environmental Protection Agency |
| FCAA | Federal Clean Air Act |
| FERC | Federal Energy Regulatory Commission |
| LNG | liquefied natural gas |
| NAAQS | National Ambient Air Quality Standards |
| NGA | Natural Gas Act |
| SIP | State Implementation Plan |
| SOAH | Texas State Office of Administrative Hearings |
| TAC | Texas Administrative Code |
| TCAA | Texas Clean Air Act |
| TCEQ | Texas Commission on Environmental Quality |

The Natural Gas Act (NGA) authorizes the federal government to regulate the construction of natural-gas terminals. 15 U.S.C. § 717. The NGA vests the Federal Energy

2

Regulatory Commission (FERC) with the "exclusive authority to approve or deny an application for the siting, construction, expansion, or operation of" an LNG terminal. *Id.* § 717b(e)(1).[1]

Construction sites can be a source of emissions subject to air-quality regulation. Stationary sources of air pollution are subject to the Federal Clean Air Act (FCAA). *See, e.g.*, 42 U.S.C. § 7401(a)(2). The FCAA requires the Environmental Protection Agency (EPA) to identify air pollutants and establish National Ambient Air Quality Standards (NAAQS) for harmful pollutants. *Id.* §§ 7408(a), 7409(a). But the FCAA assigns the primary responsibility for implementing those air-quality standards to each state. *Id.* § 7407(a); *Environmental Integrity Project v. United States Envtl. Prot. Agency*, 969 F.3d 529, 535 (5th Cir. 2020). The Fifth Circuit has described this hybrid approach as "[a]n experiment in cooperative federalism." *Texas v. United States Envtl. Prot. Agency*, 829 F.3d 405, 411 (5th Cir. 2016); *Luminant Generation Co. v. United States Envtl. Prot. Agency*, 675 F.3d 917, 921 (5th Cir. 2012). States must adopt and administer a state implementation plan (SIP) meeting certain statutory criteria, for assuring air quality within their geographic areas. 42 U.S.C. § 7410 (SIPs generally). In part, a SIP must include procedures that enable the state or local regulatory authority to determine whether to determine whether construction or modification of a facility or stationary source of air pollution will result in interference with attainment or maintenance of a national standard. *See* 40 C.F.R. § 51.160(a)(2) (requiring procedures for determining whether construction or modification of facilities interferes with attainment of NAAQS); *Luminant*, 675 F.3d at 921-22. In addition, a SIP must include a permitting program for reviewing new sources of emissions that are considered major or minor

---

[1] The statute states that the Federal Power Commission has this authority. *See* 15 U.S.C. § 717a(9). However, the FPC's authority over the Natural Gas Act was transferred to the Federal Energy Regulatory Commission. *See* 42 U.S.C. § 7172(a)(1).

3

depending on their emission levels; though there are more express requirements for major sources of emissions than minor sources, the FCAA and the SIP regulate the modification and construction of "any stationary source within the areas covered by the plan as necessary to assure that national ambient air quality standards are achieved . . . ." 42 U.S.C. § 7410(a)(2)(C); *see also Luminant*, 675 F.3d at 922.

The EPA has approved the Texas SIP, which is administered by TCEQ and enforceable in all parts of Texas. 40 C.F.R. § 52.2270(a) (EPA approval); *see also* 30 Tex. Admin. Code (TAC) § 101.21[2]. As a result, before work begins on the construction of a new facility or modification of an existing facility that may emit air contaminants, the planner of the construction or modification must obtain an air-quality permit or permit amendment from TCEQ. *See* Tex. Health & Safety Code § 382.0518(a); 30 TAC § 116.110(a)(1).

A person aggrieved by a TCEQ permitting decision is entitled to judicial review. Tex. Gov't Code § 2001.171. Under state law, that review is initiated by filing a petition in a district court of Travis County. Tex. Health & Safety Code § 382.032(a). However, the NGA provides that exclusive jurisdiction for review of certain TCEQ decisions lies in the United States Fifth Circuit:

> The United States Court of Appeals for the circuit in which a facility subject to section 717b of this title or section 717f of this title is proposed to be constructed, expanded, or operated shall have ***original and exclusive jurisdiction over any civil action for the review of an order or action of a*** Federal agency (other than the Commission) or ***State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit***, license, concurrence, or approval (hereinafter collectively referred to as "permit") ***required under Federal law***, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 et seq.).

---

[2] All references to the Texas Administrative Code will be to the 2016 version of the TCEQ rules effective when the application was made.

15 U.S.C. § 717r(d)(1) (emphases added).[3] The jurisdiction statute does not distinguish between major or minor sources of emissions. *Id.* Further, federal law requires that "any" stationary source comply with national air quality standards. 42 U.S.C. § 7410(a)(2)(C).

## DISCUSSION

By their sole issue, appellants TCEQ and Texas LNG contend that the trial court erred in denying their plea to the jurisdiction because federal law (namely, section 717r(d)(1) of the NGA) vests the Fifth Circuit with original and exclusive jurisdiction over actions challenging a state agency's issuance of permits required by concerning construction, expansion, or operation of natural-gas terminals.

**1.     We apply a de novo standard of review.**

The existence of subject-matter jurisdiction is a question of law, so we review the trial court's ruling on a plea to the jurisdiction de novo. *See Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *City of New Braunfels v. Allen*, 132 S.W.3d 157, 161 (Tex. App.—Austin 2004, no pet.). The party asserting the plea must establish an incurable jurisdictional defect apparent from the face of the pleadings that makes it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Anderson v. American Fed'n of Gov't Emps., AFL-CIO*, 338 S.W.3d 709, 713 (Tex. App.—Houston [1st Dist.] Apr. 17, 2011, pet.

---

[3] Port Isabel notes that the Natural Gas Act provides that "[e]xcept as specifically provided in [Chapter 15B of the Natural Gas Act], nothing in [Chapter 15B] affects the rights of states under . . . the Clean Air Act (42 U.S.C. 7401 et seq.)." 15 U.S.C. § 717b(d)(2). The jurisdictional provision at issue here is in Chapter 15B of the Natural Gas Act and specifically affects the jurisdiction of state courts. *See* 15 U.S.C. § 717r(d)(1).

denied). We construe the pleadings liberally in the nonmovant's favor and indulge every reasonable inference and resolve any doubts in favor of jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

Review of this appeal requires interpretation of federal statutes. When interpreting a federal statute, the Texas Supreme Court generally follows the decisions of the United States Supreme Court. *In re Facebook, Inc.*, 625 S.W.3d 80, 87-88 (Tex. 2021). When the statutory language is plain, courts must enforce it according to its terms. *Id.* (citing *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)). Unless otherwise defined, words will be interpreted as taking their ordinary meaning at the time Congress enacted the statute. *Id.* A statute must be read as a whole because the meaning of statutory language, plain or not, depends on context. *Id.*

**2.   TCEQ's Order is within the NGA's special federal-circuit judicial-review provision.**

Appellees' pleadings demonstrate the incurable defect for jurisdiction in Texas state courts because they show that the suits fall within the scope of the NGA's judicial-review provision, which establishes exclusive and original jurisdiction in the Fifth Circuit. *See* 15 U.S.C. § 717r(d)(1). The TCEQ Order concerns a permit for construction of an LNG terminal; construction of such facilities is subject to section 717b(e) of the NGA, entitled "Exportation or importation of natural gas; LNG terminals." The proposed site for the LNG terminal on the Brownsville Ship Channel is within the Fifth Circuit's territorial jurisdiction. The Order was issued by TCEQ—a state administrative agency.

As to whether the TCEQ was "acting pursuant to federal law," though Appellees' pleadings cite TCEQ's application of the TCAA including provisions relating to use of the Best Available Control Technology (BACT), TCEQ was acting pursuant to federal law because it issued

6

the new-source review permit[4] consistent with Texas's SIP and as required by the FCAA. *See Environmental Integrity Project*, 969 F.3d at 535 (explaining that new-source-review program under Title I of FCAA requires operators to obtain preconstruction permits, "issued by the states, through mechanisms called [SIPs])" before building or modifying facility. The TCEQ Order states that "[t]he maximum offsite concentrations from Air Quality Analysis (AQA) are all below applicable National Ambient Air Quality Standards (NAAQS) and Commission Effects Screening Levels." 2020 WL 2544372 at *1. The NAAQS are federal standards, "promulgated pursuant to section 109 of the Federal Clean Air Act, as amended," to be enforced by TCEQ. *See* 30 TAC § 101.21. That is, the permit was required by federal law (other than the Coastal Zone Management Act of 1972 (16 U.S.C. § 1451)) that delegates to the states regulatory authority stationary sources within their jurisdiction. 42 U.S.C. § 7410(a)(2)(C). Therefore, unchallenged factual allegations in the appellees' pleadings demonstrate that the challenged TCEQ Order falls within the scope of the Act's exclusive-jurisdiction provision, section 717r(d)(1).

Port Isabel argues that we should interpret the NGA's exclusive-jurisdiction provision narrowly because its claims were purely state-law claims under the TCAA and that review should be in state courts. *See* Tex. Health & Safety Code § 382.032(a) (stating that appeal of TCEQ action goes to Travis County district court); s*ee Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 738, 741 (Tex. 2019) (finding that Airline Deregulation Act did not preempt airline's state-law tortious-interference claim against ticket seller because it did not relate to airline's prices, routes, or services). Here, however, we have forum preemption—not

---

[4] The TCEQ Order specifies that the application was for a new source review. Tex. Comm'n on Envtl. Quality, *An Order Granting the Application By Texas LNG Brownsville LLC for Permit No. 139561*, TCEQ Docket No. 2019-0624-AIR, SOAH Docket No. 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, 1, 2020 WL 2544372 at *1 (Tex. Comm'n Envtl. Quality) (May 12, 2020) (final order).

subject-matter preemption—because Congress created an exclusive federal forum for the described actions. *See Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 427-28 (Tex. 2005) (per curiam). In *Mills,* the Texas Supreme Court contrasted subject-matter preemption with forum preemption. The court held that, though state laws governing claims for drugs were preempted by the federal Food, Drug, and Cosmetic Act (FDCA), the FDCA did not preempt state courts from exercising jurisdiction over the claim because the FDCA lacked any forum-preemption language or intent. *See id.* (discussing 21 U.S.C. § 379r). The court contrasted the FDCA with the Employee Retirement Income Security Act and the National Labor Relations Act which, respectively, had federal forum preemption expressly in statutory language (in ERISA[5]) and implicitly due to the creation of a complex and interrelated federal scheme of law, remedy, and administration (NLRA[6]). Congress can expressly designate an exclusive federal forum for specified claims irrespective of the law to be applied. *Id*. Although Port Isabel contends that its claim for judicial review is based purely on state law, Congress has adopted a hybrid model of federal and state regulation and enforcement in the air-quality field but has expressly provided that permit decisions relating to LNG facility construction must be reviewed exclusively by federal courts of appeal even if the permits at issue were considered by state agencies acting pursuant to federal law. *See* 15 U.S.C. § 717r(d)(1). As discussed above, in issuing the TCEQ Order, TCEQ was carrying out its responsibility under the FCAA to implement the NAAQS—federally created standards. *See* 30 TAC § 101.21.

---

[5] "[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . . ." 29 U.S.C. § 1132(e)(1).

[6] *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243-44 (1959).

Port Isabel contends that the section 717r(d)(1) applies only to decisions by FERC and cases in which a state agency acts "directly" pursuant to federal and not state law; Port Isabel argues that this action is based purely on state law as the only statute "directly in issue" is the TCAA—not the FCAA or NGA. Section 717r(d)(1) does not limit its reach to decisions by FERC or to cases in which federal law is "directly in issue." It expressly extends to orders by a "State administrative agency acting pursuant to Federal law"—with no use of the word "directly."

Port Isabel notes further that the TCEQ Order mentions the NAAQS once and does not cite the FCAA or NGA. Port Isabel also notes that no witnesses referenced the NGA or FCAA in the SOAH hearing or the pre-hearing depositions. Port Isabel contends that, under appellants' reading, the Fifth Circuit would have original and exclusive jurisdiction to hear every single TCEQ air-permit challenge.

We are not persuaded by these arguments. The TCEQ Order's finding that the NAAQS are not violated shows that TCEQ acted "pursuant to Federal law" in issuing the air-quality permit required for the construction of an LNG terminal. FERC's approval of the construction permit for this LNG facility is conditioned on obtaining permits and approvals, including a New Source Review permit from TCEQ. *See Texas LNG Brownsville LLC*, 169 FERC ¶ 61,130, 61856, 2019 WL 6250555, at ¶ 62 ("The project . . . is subject . . . to the New Source Review minor source construction permitting program under Texas regulations."). This proceeding arises from TCEQ's new-source review, a permitting program required by federal law intended to ensure compliance with the NAAQS. Whether the deposition or hearing witnesses mentioned federal law—which the attorneys disputed at the trial-court hearing—does not control whether TCEQ acted pursuant to federal law in issuing the permit. Moreover, not every air-quality permit issued by TCEQ will be subject to Fifth Circuit review because the plain terms of section

9

717r(d)(1) limit its application to permits concerning facilities subject to 15 United States Code sections 717b (LNG terminals) and 717f (natural-gas transportation facilities under FERC order to extend or improve transportation facilities). Nothing in the record or otherwise shows that these two classes of facilities encompass the full gamut of air-quality permits issued by TCEQ such that all air-quality permits issued by TCEQ would be subject to Fifth Circuit review.

Vecinos asserts that Fifth Circuit review of a state agency's decision under state procedures and regulations will create a "particularly awkward posture." But Congress directed the circuit courts to review state agency decisions in the circumstances prescribed in section 717r(d)(1). Vecinos notes that, in a similar case involving Vecinos, the Fifth Circuit noted the "unusual posture" of a petition seeking direct review of a state agency's decision in the Fifth Circuit. *Shrimpers and Fishermen of the RGV v. Texas Comm'n on Envtl. Quality*, 968 F.3d 419, 423 (5th Cir. 2020). In that case, the Shrimpers and Vecinos sought review of a TCEQ decision granting air permits regarding construction of another LNG facility on the Brownsville Ship Channel that was deemed a new major source of air pollution. *Id.* at 422-23. In that case, Shrimpers and Vecinos filed for review in both the state and federal systems. *Id.* at 423. The Fifth Circuit did not decide whether section 717r(d)(1) conferred jurisdiction over that challenge, however, because it found that Shrimpers and Vecinos lacked standing because they had not shown that their members suffered injuries-in-fact from TCEQ's decision. *Id*. at 424. The concurring judge questioned whether Congress intended to give federal courts jurisdiction over what he described as "state-law claims brought by Texans against the State of Texas." *Id.* at 427 (Oldham,

10

J., concurring).[7] But these concerns do not defeat Congress's grant of jurisdiction. Further, other federal circuits have exercised jurisdiction over state air-quality and similar water-quality permits issued regarding facilities subject to the NGA, as we will now discuss.

3. **Other federal circuits have exercised their exclusive jurisdiction under the NGA.**

Although decisions by other federal courts of appeals do not bind the Fifth Circuit, review of other cases persuades us that the Fifth Circuit has original and exclusive jurisdiction over this case on judicial review under section 717r(d)(1). *See Town of Weymouth v. Massachusetts Dep't of Envtl. Prot.*, 961 F.3d 34 (1st Cir. 2020), *amended on other grounds*, 973 F.3d 143 (1st Cir. 2020); *Delaware Riverkeeper Network v. Secretary Pennsylvania Dep't of Env't Prot.*, 833 F.3d 360 (3d Cir. 2016); *see also Friends of Buckingham v. State Air Pollution Control Bd.*, 947 F.3d 68 (4th Cir. 2020). As further explained below, the *Weymouth* and *Buckingham* cases show

---

[7] At the trial-court hearing underlying this appeal, the trial court expressed skepticism "that anything would go straight to the Fifth Circuit." The court and TCEQ's counsel discussed the dilemma that appellees could be dismissed from state court on its conclusion that the Fifth Circuit has exclusive jurisdiction, but then have the Fifth Circuit later dismiss on its independent conclusion that it has no jurisdiction. However, the trial court noted that Port Isabel and Vecinos could file in both systems and abate their state suit pending a determination by the Fifth Circuit on whether to exercise jurisdiction. Port Isabel and Vecinos did not seek abatement in the trial court or here.

Vecinos noted difficulties in seeking relief in parallel under both systems. Vecinos described abatement as "not an efficient course" and noted that the court systems have different timetables for seeking review; while judicial review in the state system requires filing suit within 30 days after the effective date of the ruling, order, or decision, Tex. Health & Safety Code § 382.032 (citing Tex. Water Code § 5.351), seeking review at the Fifth Circuit is subject to a four-year limitations period, 28 U.S.C. § 1658. Vecinos also asserted that seeking review in both systems would undercut jurisdictional arguments in each system. Indeed, appellants cite Vecinos' pleading that the Fifth Circuit had original and exclusive jurisdiction over judicial review of a TCEQ air permit issued to another proposed LNG terminal on the Brownsville Ship Channel as support for appellants' arguments, citing *Shrimpers & Fishermen of RGV v. Texas Comm'n on Envtl. Quality*, 968 F.3d 419, 421, 423 (5th Cir. 2020) (per curiam). We acknowledge that the litigants face choices in strategy, but we must decide only the case presented to us on the applicable law.

11

federal circuit courts exercising original and exclusive jurisdiction over state agencies' decisions pursuant to the FCAA as implemented through a SIP and the state's clean air act. *Weymouth*, 961 F.3d at 38-40; *Buckingham*, 947 F.3d at 80, 92-93. The *Buckingham* opinion makes clear that the NAAQS are a national standard set by the federal EPA which are then implemented through a SIP to limit emissions from major and minor stationary sources, 947 F.3d at 72—a description that could have been appropriately drafted for this case. The *Delaware Riverkeeper* opinion shows a federal circuit court exercising jurisdiction over a state agency's decision pursuant to a similar federal water-protection scheme implemented through state laws and agency action. 833 F.3d at 371-72.

In *Weymouth*, the First Circuit exercised original jurisdiction under the NGA over a petition for review of an air permit issued by the Massachusetts Department of Environmental Protection (MDEP) for a natural-gas compressor station. 961 F.3d at 38. FERC issued a certificate of public convenience and necessity conditioned on the applicant's compliance with the state and federal clean air acts as determined by MDEP. *Id.* at 39. MDEP issued a Non-Major[8] Comprehensive Air Quality Plan Approval. *Id.* Though no party challenged jurisdiction in *Weymouth*, the First Circuit explained why it had jurisdiction to conduct an original review of a state agency's action. *Id.* at 39-40. The First Circuit stated that MDEP acted pursuant to the FCAA to issue the permit, noting that the EPA approved the Massachusetts CAA as a SIP, that by doing so the EPA delegated its authority to MDEP to administer the FCAA in Massachusetts, and that MDEP, "in enforcing the Massachusetts CAA, is in fact acting pursuant to the federal CAA." *Id.*

---

[8] As the FCAA discusses new source reviews of major and minor sources of emissions, *Luminant Generation Co. v. United States Envtl. Prot. Agency*, 675 F.3d 917, 921 (5th Cir. 2012), a "non-major" plan applies to minor emissions.

at 39 n.2, 40, n. 4. The First Circuit also wrote that MDEP's actions pursuant to the FCAA "provides the federal 'ingredient' for purposes of Article III jurisdiction." *Id.* at 40, n.4. The First Circuit's review focused on MDEP's application of the Massachusetts CAA in its order—including compliance with NAAQS—and vacated the air permit and remanded to the agency because of MDEP's failure to follow its own procedures for assessing whether an electric motor was the BACT. *Id.* at 38, 47.

In *Buckingham*, the Fourth Circuit exercised original jurisdiction under the NGA to review an air permit issued by Virginia's State Air Pollution Control Board. 947 F.3d at 80. The court did not discuss why it had jurisdiction over this permit concerning a natural-gas facility other than to cite the NGA, including excerpting the language that it had jurisdiction to review an order or action of a "State administrative agency acting pursuant to Federal law to issue . . . any permit . . . required under Federal law." *Id.* (citing 15 U.S.C. § 717r(d)(1)). The Fourth Circuit analyzed the permit using Virginia laws and regulations. *Id.* at 92-93. The court vacated the permit and remanded it to the Virginia Board. *Id*. at 93.

The Third Circuit explored and explained its jurisdiction under the NGA to conduct original review of a state agency's water permit in *Delaware Riverkeeper*. 833 F.3d at 371-72. In that case, the Pennsylvania Department of Environmental Protection (PADEP) contended that the Third Circuit lacked jurisdiction because the NGA provided jurisdiction only to state agency actions taken pursuant to federal law, while a water-quality certification at issue was required by federal law. *Id.* at 371. While federal-state cooperation under the Clean Water Act is not expressed through an SIP as it is in the FCAA, the Third Circuit explained that the federal Clean Water Act similarly allows states to promulgate water quality standards subject to EPA oversight such that the issuance of a water-quality certification concerning facilities regulated under the NGA was not

13

purely a matter of state law. *Id.* The court wrote, "A state issues a Water Quality Certification for an interstate natural gas facility to certify compliance with state water quality standards, promulgated under federal supervision, as well as with federally-established Clean Water Act requirements." *Id.* Because the certification verified compliance with federal standards, it was issued "pursuant" to federal law and invoked the NGA's permission of state regulation "subject to federal judicial review." *Id.* at 371-72. The court wrote:

> The Natural Gas Act preempts state environmental regulation of interstate natural gas facilities, except for state action taken under those statutes specifically mentioned in the Act: the Coastal Zone Management Act, the Clean Air Act, and the Clean Water Act. In other words, the only state action over interstate natural gas pipeline facilities that could be taken pursuant to federal law is state action taken under those statutes. . . . Congress intended state actions taken pursuant to the two non-excepted statutes, the Clean Water Act and the Clean Air Act, to be subject to review by the Courts of Appeals. . . . To bar this Court's review of PADEP's actions in permitting an interstate natural gas facility pursuant to the Natural Gas Act and the Clean Water Act would frustrate the purpose of Congress's grant of jurisdiction . . . .

*Id.* at 372. While *Delaware Riverkeeper* concerned action pursuant to the Clean Water Act, the Third Circuit expressly considered actions under the Clean Air Act to be similar under the NGA. *Id.* The Third Circuit exercised jurisdiction, concluded that the agency did not act arbitrarily or capriciously, and denied the petitions for review. *Id.* at 367, 389.

Port Isabel argues that, by contrast, Texas LNG sought the permit from TCEQ directly, not as a condition of its FERC permit for its natural-gas facility as in these cases, *see Weymouth*, 961 F.3d at 39, *Delaware Riverkeeper*, 833 F.3d at 369. But FERC's approval of the CCN in *Weymouth* was conditioned on the applicant's "compliance with the CAA (state and federal) as determined by [the Massachusetts Department of Environmental Protection]." 961 F.3d at 39. Similarly, in *Delaware Riverkeeper*, the FERC "condition" required the applicant to receive

14

all applicable authorizations under federal law, but some of those authorizations were to be obtained from the state. 833 F.3d at 369. While TCEQ applied state laws and regulations to evaluate the application for a state permit, TCEQ exercised that authority through the SIP of the FCAA, which was approved by the EPA, 40 C.F.R. § 52.2270(a), and its assessing compliance with NAAQS, which are national standards set by the EPA and enforced by TCEQ. *See* 42 U.S.C. §§ 7407-09(a); 30 TAC § 101.21. The LNG facility for which the air permit was issued is the subject of the FERC permitting process for the LNG terminal, and FERC's approval of the construction permit for this LNG facility is conditioned on obtaining permits and approvals, including a New Source Review permit from TCEQ. *See Texas LNG*, 169 FERC ¶ 61,130, 61856, 2019 WL 6250555, at ¶ 62. This proceeding arises from TCEQ's new-source review.

    The cases from the federal circuits bolster our determination that appellees' petitions for judicial review are within the scope of the Fifth Circuit's original and exclusive jurisdiction. Like those cases, this case concerns a permit issued regarding a natural-gas facility subject to the NGA. The Fifth Circuit has original and exclusive jurisdiction over this judicial review of the TCEQ Order and permit. *See* 15 U.S.C. § 717r(d)(1). Accordingly, the Texas state courts lack jurisdiction over this petition for judicial review. We resolve Appellants' sole issue in their favor.

## CONCLUSION

Because the Texas state courts lack jurisdiction over this case, we reverse the trial court's order denying the plea to the jurisdiction. We dismiss this case.

                                                                              Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Reversed and Dismissed

Filed:   July 21, 2023