No. 22-60556

# In the United States Court of Appeals for the Fifth Circuit

PORT ARTHUR COMMUNITY ACTION NETWORK,

*Petitioner,*

v.

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; AND JON NIERMANN, IN HIS OFFICIAL CAPACITY AS CHAIRPERSON OF THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

*Respondents.*

On Appeal from Texas Commission on Environmental Quality
Docket No. 2021-0942-AIR

**PETITIONER PORT ARTHUR COMMUNITY ACTION NETWORK'S RESPONSE TO PETITION FOR PANEL REHEARING BY INTERVENOR-RESPONDENT PORT ARTHUR LNG, LLC**

Amy Catherine Dinn
Chase Porter
Caroline Crow
LONE STAR LEGAL AID
1415 Fannin Street
Houston, TX 77002
713-652-0077 ext 8108
713-652-3141 Fax

*Counsel for Petitioner*
*Port Arthur Community Action Network*

# TABLE OF CONTENTS

**Contents**                                                           **Page(s)**

TABLE OF CONTENTS .................................................................................... ii

CERTIFICATE OF INTERESTED PERSONS ................................................. iii

GLOSSARY OF ACRONYMS AND ABBREVIATIONS ............................. v

TABLE OF AUTHORITIES ............................................................... 6

INTRODUCTION ......................................................................... 1

ARGUMENT................................................................................... 4

   I.   PACAN PETITIONED FOR REVIEW UNDER THE NATURAL GAS ACT. ........... 4

   II.  THE TEXAS ADMINISTRATIVE PROCEDURE ACT PROVIDES FOR REVERSAL OR REMAND. ......................................................................... 6

   III. PRECEDENT EXISTS FOR REMAND WITH VACATUR UNDER THE NATURAL GAS ACT. ................................................................................. 8

   IV. REMAND WITH VACATUR IS THE CORRECT DECISION. ................................ 11

CONCLUSION .............................................................................. 14

CERTIFICATE OF SERVICE....................................................... 16

CERTIFICATE OF COMPLIANCE................................................ 16

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

**Respondents:**

Jon Niermann, Chairperson of the Texas Commission on Environmental Quality

Texas Commission on Environmental Quality

Counsel:  Office of the Attorney General of Texas, Austin, TX

- Ken Paxton, Attorney General of Texas
- Brent Webster, First Assistant Attorney General
- James Lloyd, Deputy Attorney General for Civil Litigation
- Kellie Billings-Ray, Chief, Environmental Protection Division
- Erin K. Snody, Assistant Attorney General
- J. Amber Ahmed, Assistant Attorney General
- Lanora C. Pettit, Principal Deputy Solicitor General, Office of the Attorney General of Texas Austin, TX
- William F. Cole, Assistant Solicitor General, Office of the Attorney General of Texas
- Aaron L. Nielsen, Solicitor General, Office of the Attorney General of Texas Austin, TX

Toby Baker, Former Director of the Texas Commission on Environmental Quality Austin, TX

**Petitioner:**

Port Arthur Community Action Network

Counsel for Petitioner:  Lone Star Legal Aid, Houston, TX

- Amy Catherine Dinn
- Chase Porter
- Caroline Crow

Environmental Integrity Project

**Intervenor-Respondent:**

Port Arthur LNG, L.L.C.

**Intervenor-Respondent:**

Counsel:  Baker Botts, LLP

- Aaron Streett, Houston, TX
- Beau Carter, Houston, TX
- Derek R. McDonald, Austin, TX

Counsel:  Akin Gump Strauss Hauer & Feld LLP

- Z.W. Julius Chen, Washington DC
- Martine E. Cicconi, Washington DC
- Michael Weisbuch, San Francisco, CA

Related Corporate Entities:

- Black Silverback ZC 2022 LP
- Conoco Phillips Port Arthur LNG LLC
- KKR Denali Holdco LLC
- KKR Pinnacle Investor L.P.
- PALNG Operator Company, LLC
- Port Arthur Liquefaction Holdings, LLC
- Sempra Global Holdings, LP
- Sempra Infrastructure Partners, LP
- Sempra LNG Holding, LP
- Sempra PALNG Holdings, LLC

*/s/ Amy Catherine Dinn*
Attorney of Record for Petitioner
Port Arthur Community Action Network

# GLOSSARY OF ACRONYMS AND ABBREVIATIONS

| | |
|---|---|
| ALJ | Administrative Law Judge |
| APA | Administrative Procedure Act |
| BACT | Best Available Control Technology |
| CO | Carbon Monoxide |
| Commission / TCEQ | Texas Commission on Environmental Quality |
| DLN | Dry Low $NO_x$ |
| EPA | U.S. Environmental Protection Agency |
| FCAA | Federal Clean Air Act |
| Order | Commission's September 15, 2022 Order |
| LNG | Liquefied Natural Gas |
| NGA | Natural Gas Act |
| $NO_x$ | Nitrogen Oxides |
| PACAN | Port Arthur Community Action Network |
| PSD | Prevention of Significant Deterioration |
| PALNG / Applicant | Port Arthur LNG, LLC |
| ppm | parts per million |

| ABBREVIATION FOR FILING | DATE FILED | SHORT TITLE |
|---|---|---|
| Pet. Rev. | 10/17/22 | Petition for Review by PACAN |
| PACAN Br. | 02/15/23 | Opening Brief of PACAN |
| TCEQ Br. | 03/24/23 | Merits Brief of TCEQ |
| PALNG Br. | 03/31/23 | Merits Brief of PALNG |
| Rule 28(j) Notice | 07/28/23 | Rule 28(j) Notice by TCEQ |
| Oral Arg. | 08/08/23 | Oral Argument before Panel |
| Op. | 11/14/23 | Opinion of the Court |
| TCEQ Pet. Reh'g En Banc | 12/19/23 | TCEQ Petition for Rehearing En Banc |
| PALNG Pet. Reh'g En Banc | 12/19/23 | PALNG Petition for Rehearing En Banc |
| PALNG Pet. Panel Reh'g | 12/19/23 | PALNG Petition for Panel Rehearing |
| Amicus Br. | 12/26/23 | Amicus Brief by Governor of Texas |

# TABLE OF AUTHORITIES

**Cases**

*City of Quincy v. Mass. Dep't of Env't. Prot.,*
   21 F.4th 8 (1st Cir. 2021) ...................................................................... 5

*Data Mktg. P'ship, LP v. U.S. Dep't of Lab.,*
   45 F.4th 846 (5th Cir. 2022) ................................................................10

*Del. Riverkeeper Network v. Sec'y Penn. Dept. of Env't. Prot.,*
   903 F.3d 65 (3d Cir. 2018), *cert. denied,* 139 S. Ct. 1648 (2019) ............8, 10, 11

*Friends of Buckingham v. State Air Pollution Control Bd.,*
   947 F.3d 68, 80 (4th Cir. 2020) ........................................................5, 8

*In re Columbia Gulf Transmission Co.,*
   2 E.A.D. 824 (Adm'r 1989) ...............................................................7, 12

*In re Masonite Corp.,*
   5 E.A.D. 551 (EAB 1994) .................................................................6, 12

*In re Pennsauken Cnty., N.J., Res. Recovery Facility,*
   2 E.A.D. 667 (Adm'r 1988) ...............................................................6, 12

*Sierra Club v. U.S. Dep't of the Interior,*
   899 F.3d 260 (4th Cir. 2018) ............................................................8, 11

*Tex. Comm'n on Env't. Quality v. Vecinos Para El Bienestar De La Comunidad
   Costera,*
   No. 03-21-00395-CV, 2023 WL 4670340 (Tex. App.—Austin July 21, 2023, no
   pet.) ....................................................................................5, 9

*Texas v. Biden,*
   20 F.4th 928 (5th Cir. 2021), *rev'd on other grounds,* 597 U.S. 785 (2022) 10, 11

*Town of Weymouth v. Mass. Dep't of Env't. Prot.,*
   961 F.3d 34 (1st Cir.), *on reh'g,* 973 F.3d 143 (1st Cir. 2020) ........................ 5

*Town of Weymouth v. Mass. Dep't of Env't. Prot.,*
   973 F.3d 143 (1st Cir. 2020)..............................................................8, 14

*United Steel v. Mine Safety & Health Admin.*,
925 F.3d 1279 (D.C. Cir. 2019) ...........................................................10

**Statutes**

5 U.S.C. § 704 ...............................................................................10

5 U.S.C. § 706 ...............................................................................10

5 U.S.C. § 706(2) ...........................................................................10

5 U.S.C. § 706(2)(A) ......................................................................9

15 U.S.C. § 717b .............................................................................4

15 U.S.C. § 717r(d)(1) ................................................................4, 5

15 U.S.C. § 717r(d)(3) ..............................................................10, 11

28 U.S.C. § 2106 .............................................................................8

30 Tex. Admin. Code § 116.10(1) ....................................................4

30 Tex. Admin. Code § 116.111(a)(2) ..............................................1

30 Tex. Admin. Code § 116.160(c)(1)(A) .........................................1

42 U.S.C. § 7479(3) .....................................................................1, 4

Tex. Gov't Code § 2001.174(2) .......................................................6

Tex. Gov't Code § 2001.174(2)(B) ...............................................7, 9

Tex. Health & Safety Code § 382.0518 ............................................4

**Regulations**

40 C.F.R. § 51.166(b)(12) ...............................................................1

40 C.F.R. § 52.21(b)(12) ................................................................1

**Other Authorities**

TCEQ's Corrected Response to Petitioners' Supplemental Letter Brief,
*Shrimpers and Fishermen of the RGV v. Tex. Comm'n on Env't Quality,*
968 F.3d 419 (5th Cir. 2020) (No. 19-60558), 2019 WL 7469921 .....................10

# INTRODUCTION

Since the outset of this permitting challenge, Port Arthur Community Action Network ("PACAN") has sought only consistency from the Texas Commission on Environmental Quality ("TCEQ"). Under the Federal Clean Air Act ("FCAA"),[1] TCEQ must regulate new proposed liquified natural gas ("LNG") export terminals consistently, employing the federal definition to decide the best available control technology ("BACT") for each emissions source at the new facility. 42 U.S.C. § 7479(3); 40 C.F.R. § 52.21(b)(12); 40 C.F.R. § 51.166(b)(12). While the challenged permit at bar was under review by the agency, TCEQ permitted a similar source in Brownsville, Texas with a 5 ppm $NO_x$ emissions limit for its turbines using Dry Low $NO_x$ ("DLN") burners and CO limit of 15 ppm. ROA.12880. It is more than reasonable to ask: why should TCEQ *not* consider those same limits for the newer facility in Port Arthur, Texas, which is using the same equipment for the same emissions source? The answer is because TCEQ failed to act in accordance with its own philosophy "to apply regulations clearly and consistently" amongst permit applicants.[2] And the result was a permit for Port Arthur LNG's ("PALNG") turbines that would emit 80% more $NO_x$ and 66% more CO—over 1,200 additional tons per

---

[1] "All facilities with pollutants subject to regulation under the Federal Clean Air Act (FCAA), Title I, Part C shall evaluate and apply BACT as defined in § 116.160(c)(1)(A) of this title (relating to Prevention of Significant Deterioration Requirements)." 30 TEX. ADMIN. CODE § 116.111(a)(2).

[2] TCEQ's Agency Philosophy, available at https://www.tceq.texas.gov/agency/mission.html.

year total—than the same turbines at the Brownsville facility ("Rio Grande LNG"). ROA.6107; ROA.6407-09; ROA.12880.

Both TCEQ and EPA rules require TCEQ to consider the Rio Grande LNG limits in a proper BACT analysis. ROA.10739; ROA.7249-50. And regardless of which policies you employ, EPA's or TCEQ's, you should expect the same result. ROA.11064. Yet, here, TCEQ did not reach the same determination, did not document its consideration of Rio Grande LNG's limits during its review of PALNG's application, and did not adequately explain its rejection of those limits. ROA.6372; ROA.37508-09.

These failures started with the application. PALNG wrongly determined that the lowest limit for a GE Frame 7EA turbine in refrigeration compression service using DLN burners was 9 ppm $NO_x$, over 80% more polluting than the actual lowest permitted limit for DLN burners. ROA.13517-18. In response, PACAN pointed to specific evidence in the 2020 Rio Grande LNG application, a vendor guarantee in the form of a "Baker Hughes Gas Turbine Data Sheet", which shows the GE Frame 7EA turbine is capable of meeting a $NO_x$ emissions rate of "less than 5 ppm" using DLN burners. ROA.13524-26. PALNG then failed to show any meaningful difference between its proposed plant and Rio Grande LNG to explain why it is unable to achieve the lower limit of 5 ppm $NO_x$. ROA.6072-73. While control technologies can be eliminated from consideration based on collateral impacts,

including cost, any such elimination requires a thorough justification in the record to show why the costs borne by similar plants cannot be borne by the applicant. ROA.10740-41; ROA.10761. Here, PALNG's application offered no such evaluation of the 5 ppm limit using DLN burners as permitted at Rio Grande LNG. There was no cost analysis, and no examination of collateral impacts. ROA.6070; ROA.6072.

After a lengthy evidentiary hearing, the Administrative Law Judges ("ALJs") documented these errors in the application, ROA.6032-33, and recommended that the permit be amended to reflect the more stringent pollution limits permitted at Rio Grande LNG and other facilities. ROA.6125. The Commission rejected the ALJs' proposed findings. ROA.6374. In doing so, TCEQ failed to justify its departure from federal law, the applicable guidance, and a contemporaneously filed letter from EPA to TCEQ raising these same concerns. ROA.6372; ROA.37508-09; Op. 9-15. This appeal ensued.

After considering the parties' arguments on appeal, this Court properly determined that TCEQ did not comply fully with federal law or the applicable regulatory guidance, vacated the Order, and remanded the issue to TCEQ for proceedings consistent with the Court's opinion. Op. 1-2, 15.

3

# ARGUMENT

## I.   PACAN PETITIONED FOR REVIEW UNDER THE NATURAL GAS ACT.

PACAN petitioned this Court for review of TCEQ's Order because it was not consistent with the definition of BACT under the federal Clean Air Act, 42 U.S.C. § 7479(3). PACAN Pet. Rev. 1. All parties agreed that the federal definition of BACT applies to TCEQ's permitting of new major sources. TCEQ Br. 6-7; PALNG Br. 8. Throughout this appeal, PALNG and TCEQ consistently, and erroneously, redirect the Court to TCEQ's admitted "minor source" rule requiring the permitted facility to be "operational," i.e., "currently operating," in lieu of the federal definition of BACT, which includes no such constraint. TCEQ Pet. Reh'g. 3 (citing 30 TEX. ADMIN. CODE § 116.10(1)); PALNG Pet. Reh'g. En Banc 4 (same). That "minor source" rule does not apply to a major source like PALNG. TEX. HEALTH & SAFETY CODE § 382.0518; TCEQ Br. 6-7; PALNG Br. 8; Op. 14.

In its initial filing, PACAN asked this Court to invalidate TCEQ's Order and remand the case to TCEQ. PACAN Pet. Rev. 1; 15 U.S.C. § 717r(d)(1); 15 U.S.C. § 717b. As all parties agreed at the outset of this case, the Court's jurisdiction to hear this matter arises under the Natural Gas Act ("NGA") which provides this Court with original and exclusive jurisdiction over permit appeals for natural gas facilities. PACAN Br. 6-7; TCEQ Br. 20; PALNG Pet. Panel Reh'g 6. Further, TCEQ directed this Court's attention to the Texas Third Court of Appeals' decision in *Tex. Comm'n*

*on Env't. Quality v. Vecinos Para El Bienestar De La Comunidad Costera*, No. 03-21-00395-CV, 2023 WL 4670340 (Tex. App.—Austin July 21, 2023, no pet.), which discussed the same state-federal jurisdiction regime under the NGA, 15 U.S.C. § 717r(d)(1), at issue in this case. TCEQ Rule 28(j) Notice. TCEQ argued that the state court case provided "additional support for the parties' assertion that the proper forum for this suit is this Court, while the proper legal standards derive from state law." *Id.* Texas courts already decided that "the NGA provides that exclusive jurisdiction for review of certain TCEQ decisions lies in the United States Fifth Circuit." *Vecinos,* 2023 WL 4670340 at *2. Post-opinion filings by TCEQ and the Governor of the State of Texas now incongruously question this direct state authority on the question of federal jurisdiction. TCEQ Pet. Reh'g. En Banc 7-8; Amicus Br. 2-3. Given its original and exclusive jurisdiction granted by the NGA, this Court properly asserted jurisdiction over this federal law matter and applied the correct standard for review. *See City of Quincy v. Mass. Dep't of Env't Prot.,* 21 F.4th 8, 13-14 (1st Cir. 2021) (finding the court of appeals had original jurisdiction over petition for review of air permit for a natural gas compressor station issued by state agency); *Friends of Buckingham v. State Air Pollution Control Bd.*, 947 F.3d 68, 80 (4th Cir. 2020)(same); *Town of Weymouth v. Mass. Dep't of Env't Prot.,* 961 F.3d 34, 40-42 (1st Cir.), *on reh'g*, 973 F.3d 143 (1st Cir. 2020) (determining the court had

jurisdiction to review an order of the state administrative agency acting pursuant to the FCAA to issue a permit required by that federal law).

## II.   THE TEXAS ADMINISTRATIVE PROCEDURE ACT PROVIDES FOR REVERSAL OR REMAND.

Consistent with the relief requested in its petition for review, PACAN sought review under the Texas Administrative Procedure Act ("Texas APA") and asked this Court to reverse or remand the order to TCEQ if it found that the agency violated federal law. PACAN Br. 18; TEX. GOV'T CODE § 2001.174(2). Throughout its briefing, PACAN consistently sought the same relief from this Court under the Texas APA. PACAN Br. 30 (an "order overturning or remanding"); PACAN Br. 33 ("remand for reconsideration consistent with the federal definition of BACT"); PACAN Reply Br. 29, 30 ("remand order for better BACT analysis"). PACAN further referred the Court to similar situations where there was a failure in the state agency's BACT analysis and courts determined that remand was an appropriate remedy. *See In re Masonite Corp.*, 5 E.A.D. 551, 566 (EAB 1994) (remanding PSD permit decision in part because BACT determination for one emissions source was based on an incomplete cost-effectiveness analysis); *In re Pennsauken Cnty., N.J., Res. Recovery Facility*, 2 E.A.D. 667, 672 (Adm'r 1988) (remanding PSD permit decision because "[t]he applicant's BACT analysis * * * does not contain the level of detail and analysis necessary to satisfy the applicant's burden" of showing that a particular control technology is technically or economically unachievable); *In re*

*Columbia Gulf Transmission Co.*, 2 E.A.D. 824, 830 (Adm'r 1989) (permit applicant and permit issuer must provide substantiation when rejecting the most effective technology).

In its opinion, the Court determined that TCEQ acted arbitrarily and capriciously by departing from its own administrative policy and inconsistently regulating a new natural gas facility without adequately explaining why. Op. 1. The Court found that TCEQ did not comply with its own guidance or follow federal law in reviewing this permit. Op. 1. The Court understood that the emissions limits that TCEQ approved for Rio Grande LNG are relevant to the analysis of the subsequently approved permit for PALNG. Op. 1. TCEQ's failure to consider Rio Grande LNG, document that consideration, or provide some evidence of such consideration was in error. Op. 1. Accordingly, the Court found that TCEQ did not sufficiently document the reasons for the departure from federal law or TCEQ's regulatory guidance in conducting the BACT analysis for this new proposed LNG facility. Op. 1. This departure, without explanation, was "arbitrary and capricious." Op. 1, 14. Given these findings, the Texas APA requires "reversal or remand" of TCEQ's Order. TEX. GOV'T CODE § 2001.174(2)(B). The question raised by PALNG on rehearing is whether that remand should be with or without vacatur.

III.  **PRECEDENT EXISTS FOR REMAND WITH VACATUR UNDER THE NATURAL GAS ACT.**

The Court vacated the underlying Order and remanded the matter to TCEQ. Op. 1, 14. As a reviewing court under the NGA, the Court has the power to declare the agency's action in conflict with federal law and related regulations and remand the matter to TCEQ. 28 U.S.C. § 2106 (a "court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order... lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). Precedent in the First, Third and Fourth Circuit Courts of Appeal support this outcome. *See Friends of Buckingham,* 947 F.3d at 80 (after finding the state action on the permitting decision to be arbitrary and capricious, the Fourth Court of Appeals vacated and remanded the state order); *Town of Weymouth v. Mass. Dep't of Env't Prot.*, 973 F.3d 143, 145 (1st Cir. 2020) (explaining the decision to "vacate the agency's decision or instead remand without vacating was 'within our discretion as the reviewing court'"); *Del. Riverkeeper Network v. Sec'y Penn. Dept. of Env't Prot.,* 903 F.3d 65, 78 (3d Cir. 2018), *cert. denied,* 139 S. Ct. 1648 (2019)(recognizing that review under the NGA "is quite capacious" in the review that it confers:  the reviewing federal circuit court may vacate or remand if it determines the final agency action violated applicable state law); *Sierra Club v. U.S. Dep't of the Interior,* 899 F.3d 260, 295 (4th Cir. 2018)

8

("Respondents argue that this Court lacks authority to vacate the agency actions under the NGA. However, Respondents' position is contrary to the plain text of the NGA…. in this case, the NGA's judicial review provision does not modify the APA's default rule, which empowers this Court to 'hold unlawful and set aside agency action.' *See* 5 U.S.C. § 706(2)(A)."). Here, to allow this permit to remain in place given the identified flaws in the record on the BACT analysis for a major emissions source at the proposed facility would run contrary to federal and state law.

In its Petition for Panel Rehearing, PALNG cites various cases claiming that state courts cannot overturn state agency decisions, which do not parallel the circumstances in this case. PALNG Pet. Panel Reh'g 3-6. The concern reflected is that the state legislature, in providing review under the Texas APA, did not authorize a state court to nullify the action of a state agency, but merely affirm, reverse, or remand. Tex. Gov't Code § 2001.174(2)(B). In the state appellate district court cases cited, the reviewing courts acknowledged their limited authority to review the agency action at bar in narrow circumstances based on special or express grants of the Texas legislature. As explained above, this case originates under the NGA and presents a different picture because of the interplay of federal law under the Clean Air Act and Texas' express acceptance of this Court's authority to review TCEQ's decisions as cited by TCEQ to this Court. *Vecinos,* 2023 WL 4670340 at *2; TCEQ Rule 28(j) Notice. Previously, Ken Paxton, the Attorney General of Texas, has

expressly acknowledged that this "Court has authority to remand or vacate an order that it reviews on the merits pursuant to the Natural Gas Act and [the federal] APA." *See* TCEQ's Corrected Response to Petitioners' Supplemental Letter Brief at 2, *Shrimpers and Fishermen of the RGV v. Tex. Comm'n on Env't Quality,* 968 F.3d 419 (5th Cir. 2020) (No. 19-60558), 2019 WL 7469921. In its *Shrimpers* filing, Texas accepted, when conducting a merits review of a Texas-permitted LNG facility under the NGA, this Court's reviewing authority included remand or vacatur under the federal Administrative Procedure Act ("Federal APA"), 5 U.S.C. §§ 704, 706. *Id.* Such is the exact case here.

The Federal APA gives courts the power to "hold unlawful and set aside agency action[s]." 5 U.S.C. § 706(2). The default rule is that vacatur is the appropriate remedy. *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.,* 45 F.4th 846, 859-60 (5th Cir. 2022); *Texas v. Biden,* 20 F.4th 928, 1000 (5th Cir. 2021), *rev'd on other grounds,* 597 U.S. 785 (2022)("[B]y default, remand with vacatur is the appropriate remedy."); *United Steel v. Mine Safety & Health Admin.,* 925 F.3d 1279, 1287 (D.C. Cir. 2019)("The ordinary practice is to vacate unlawful agency action.").

PALNG also cites Section 717r(d)(3) of the NGA, which does not apply to this case because the underlying agency action here—TCEQ's order approving PALNG's air permit—does not "prevent the construction, expansion, or operation of the facility". 15 U.S.C. § 717r(d)(3). In *Delaware Riverkeeper Network* and *Sierra*

*Club*, both the Third and Fourth Circuits explicitly considered and rejected the argument that Section 717r(d)(3) limits the Court's review or remedies available to Petitioners in analogous situations granting permits. *See Sierra Club*, 899 F.3d at 295 ("On its face, § 717r(d)(3) only applies to an agency action that 'would prevent the construction' of the natural gas facility… Here, the agency decisions do the opposite by enabling pipeline construction, and the provision is therefore inapplicable.")(internal citations omitted); *Del. Riverkeeper*, 903 F.3d at 78 ("Nothing in §717r(d)(3) says differently; it simply requires reviewing courts to apply a particular remedy when certain conditions are met. It says nothing about other circumstances, and we will not imply from the statute's silence that Congress intended to restrict the language of its text. Congress does not 'hide elephants in mouseholes.'")(internal citations omitted).

## IV.    REMAND WITH VACATUR IS THE CORRECT DECISION.

PALNG urges reconsideration by this Panel of the two factors used by the Court to determine whether vacatur is appropriate, citing *Biden,* 20 F.4th at 1000.

In its opinion, the Court provided multiple reasons why TCEQ will likely be unable to justify its decision on remand. Op. 10-15. The record cannot support such a decision even if TCEQ revises the permit to state the lower limits. Op. 6. Because the BACT analysis is one of the most critical elements of the PSD permitting process, it must be well documented, adequately explained, and justified in the

administrative record. ROA.10734; ROA.7249-50; ROA.10739-41 (explaining the "rational for [BACT] finding[s] should be documented for the public record."); *In re Masonite Corp.,* 5 E.A.D. at 566 (remanding PSD permit decision in part because BACT determination for one emissions source was based on an incomplete cost-effectiveness analysis); *In re Pennsauken Cnty., N.J., Res. Recovery Facility,* 2 E.A.D. at 672 (remanding PSD permit decision because "[t]he applicant's BACT analysis * * * does not contain the level of detail and analysis necessary to satisfy the applicant's burden" of showing that a particular control technology is technically or economically unachievable); *In re Columbia Gulf Transmission Co.*, 2 E.A.D. at 830 (permit applicant and permit issuer must provide substantiation when rejecting the most effective technology).

However, this record reveals PALNG's application failed to identify Rio Grande LNG's 5 ppm limit in its BACT analysis. Op. 5. And neither PALNG nor TCEQ provided any evidence to demonstrate a compelling technical difference as to why the Applicant's BACT proposal is less than what has been accepted as BACT in recent reviews. Op. 5. The ALJs agreed and proposed different limits based on the Rio Grande LNG permit in the record. Op. 6. TCEQ rejected these amendments without proper justification and deleted findings the ALJs made based on TCEQ policy and federal law. Op. 6, 10. Moreover, over four years have passed since PALNG applied for the permit. ROA.909. Because BACT is not set until the permit

is issued, a new BACT analysis may be necessary to ensure that the record reflects proper review of newer technology and is consistent with other recent BACT decisions in Texas and Louisiana. ROA.11069-70; ROA.13248-49; ROA.37921. In short, the seriousness of the deficiencies in TCEQ's action, with their origins in the application itself, cannot be remedied based on this permit record. Thus, the only result to ensure compliance is an amended application and with notice of the BACT analysis for public comment, which can only be achieved via the Court's instructions to vacate the flawed permit and remand for proceedings consistent with the Opinion. Op. 1-2.

Because "BACT is required by law," the "costs [of BACT] are integral to the overall cost of doing business and are not to be considered an afterthought." ROA.10763. Throughout this proceeding, PALNG has tried to make exceptions for the deficient BACT analysis because it was an investor-financed project and not self-financed, which TCEQ agreed is not part of a BACT evaluation. ROA.5827; ROA.13588. Again, PALNG asserts that vacating the order granting the project creates uncertainty, which may hinder the ongoing financing and fundraising for the project. PALNG Pet. Panel Reh'g 9. But, as Applicant, PALNG directly contributed to the failures to comply with BACT reflected in the Order which PALNG characterizes as "the product of four years of consultation between PALNG and TCEQ." PALNG Pet. Panel Reh'g 9. PALNG's continued application for higher

limits and TCEQ's acquiescence to that request in rejecting the ALJ's proposed findings without justification—despite direct evidence of lower limits approved by the same agency for the same equipment with the same technology for the same emissions source at the same type of proposed facility—demonstrate why the permit should be vacated until PALNG submits an updated application with a properly documented BACT analysis. The Court's decision reflects the sentiment that the state's consistency in issuing air permits for new major sources matters. Op. 1. Unlike the circumstances in *Town of Weymouth*, where the First Circuit amended its disposition to address new developments, 973 F.3d at 145-46, this proposed LNG facility is merely one of many nationwide still to be constructed and will not be operational for many years. ROA.11107. Moreover, neither TCEQ nor PALNG point to any post-opinion permitting actions by TCEQ that would alter this analysis as in *Town of Weymouth,* 973 F.3d at 145-46. Thus, no harm should result in making sure the Applicant prepares a proper BACT analysis with public notice on a new application before the project moves forward.

## CONCLUSION

This Court properly decided this case. TCEQ failed to follow applicable federal law in determining BACT for the turbines proposed for a new LNG facility in Port Arthur, Texas and failed to justify that departure from lower emissions limits previously permitted for the same emissions source at another Texas LNG facility

with the same equipment using the same technology. Given TCEQ's error and that the Order contradicts federal law, the Order should be vacated and remanded to TCEQ as directed by this Court. As acknowledged by the State, this Court has the power to review the underlying order under the NGA, and the federal APA provides for the relief reflected in the Court's opinion. Remanding without vacatur, as PALNG urges, would negate the effect of this Court's well-reasoned opinion.

Submitted by:

*/s/ Amy Catherine Dinn*
Amy Catherine Dinn
Texas Bar No. 24026801
Chase Porter
Texas Bar No. 24102368
Caroline Crow
Texas Bar No. 24118360
Lone Star Legal Aid
1415 Fannin Street
Houston, TX 77002
713-652-0077 ext 8108
adinn@lonestarlegal.org
cporter@lonestarlegal.org
ccrow@lonestarlegal.org

COUNSEL FOR PETITIONER
PORT ARTHUR COMMUNITY ACTION
NETWORK

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2024, an electronic copy of the foregoing response was filed with the appellate CM/ECF system of the U.S. Court of Appeal for the Fifth Circuit, which currently provides electronic service on all counsel of record.

*/s/ Amy Catherine Dinn*
Counsel for Petitioner
Port Arthur Community Action Network

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of FED. R. APP. P. 40(b)(1) because it contains 3,469 words.

2.     This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO in Times New Roman 14 point font.

*/s/ Amy Catherine Dinn*
Counsel for Petitioner
Port Arthur Community Action Network

16