

GOVERNOR GREG ABBOTT

February 6, 2024

**Via CM/ECF**
Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit

    Re:    En Banc Petitions in No. 22-60556, *PACAN v. TCEQ*

Dear Mr. Cayce:

    Port Arthur LNG, L.L.C. ("Intervenor") has now filed a reply brief in support of its petition for rehearing en banc, to address "PACAN's late-breaking attempt to turn this case into one that concerns only federal law." Intervenor Reply at 5.

    The need for en banc review is confirmed by the confusion reflected in these latest filings. As Intervenor's reply brief correctly explains, PACAN's attempt to duck en banc review fails because the panel rested its decision solely on *state* law. Governor Amicus Br. at 3–4. But Intervenor also tacitly recognizes (at 4 n.2) that state law does not cease to be state law just because federal actors approve it. Governor Amicus Br. at 7–10. Under both the Natural Gas Act and *Pennhurst*, this Court can police only errors of *federal* law that prevent LNG terminals from operating. *Id.* at 4–7.

    The State of Texas is not just the largest producer of natural gas in the United States, but the third-largest producer in the world. Texas Comptroller of Public Accounts, *Texas Comptroller Energy Tour: Natural Gas Overview* (2023), http://tinyurl.com/bdevnvd8. Given Congress's manifest intent to promote natural-gas production by allowing federal courts to review only those agency orders that "would *prevent* the construction, expansion, or operation" of a LNG facility, Governor Amicus Br. at 2, 4, 5 (quoting 15 U.S.C. § 717r(d)(3) (emphasis added)), the en banc Court should step in here to provide clarity that the parties—and the country—desperately need.

    Respectfully submitted.

    /s/ Trevor W. Ezell
    ————————————————
    Trevor W. Ezell
    Deputy General Counsel
    *Counsel for Amicus Curiae*

cc:    All counsel of record (*via CM/ECF*)