# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 16, 2024
Lyle W. Cayce
Clerk

No. 22-60556

Port Arthur Community Action Network,

*Petitioner*,

versus

Texas Commission on Environmental Quality; Jon Niermann, *in his official capacity as Chairperson of the Texas Commission on Environmental Quality*,

*Respondents*.

_____

Appeal from Texas Commission on Environmental Quality
Agency No. 2021-0942-AIR
_____

ON PETITIONS FOR REHEARING
AND REHEARING EN BANC

Before Wiener, Graves, and Douglas, *Circuit Judges*.

Per Curiam:

The petitions for rehearing en banc and petition for panel rehearing are DENIED. Fed. R. App. P. 35 and 5th Cir. R. 35. We withdraw our previous opinion and substitute the following:

\* \* \*

No. 22-60556

Port Arthur Community Action Network (PACAN) petitions this court for review of a decision by the Texas Commission on Environmental Quality (TCEQ) not to impose certain emissions limitations on a new liquid natural gas (LNG) facility that it previously imposed on another such facility. The petition raises the question of whether Texas's definition of "best available control technology" encompasses air pollution control methods that TCEQ has permitted but that are not yet in operation. Specifically, we are asked to determine whether the term "proven to be operational" means currently in operation or capable of operation. Because we cannot confidently make an *Erie* guess, we CERTIFY the question to the Supreme Court of Texas.

Texas administers the federal Clean Air Act through TCEQ. In turn, TCEQ is tasked with issuing Prevention of Significant Deterioration (PSD) permits before any "major stationary source" of pollution may be constructed in an area that has attained EPA clean air standards. 40 C.F.R. § 52.21(a)(2)(i). To receive a PSD permit, an applicant must demonstrate that its facility will satisfy "best available control technology," or BACT. 42 U.S.C. § 7475(a)(4); Tex. Health & Safety Code § 382.0518(b)(1). Texas law defines BACT as a pollution-control method that "through experience and research, has proven to be operational, obtainable, and capable of reducing or eliminating emissions." Tex. Admin. Code § 116.10(1). When considering whether to issue a permit, TCEQ's Air Permit Reviewer Reference Guide requires it to consider limits "previously accepted as BACT" in recently approved permits and, if it declines to follow those limits, justify any deviation.

In this case, TCEQ issued a permit to Intervenor Port Arthur LNG to construct an LNG plant with certain emissions limits. PACAN, a non-profit organization focused on environmental issues, challenged the permit in a proceeding before TCEQ. It argued that Port Arthur LNG must adopt the

emissions limits of another planned facility, Rio Grande LNG, or that TCEQ must justify the deviation from Rio Grande LNG's limits.

TCEQ rejected this argument, explaining that Rio Grande LNG's limits "do[] not satisfy the EPA's or the TCEQ's definition of BACT," because there is no "operational data to prove that their permitted limits are achievable." In other words, TCEQ concluded that Rio Grande LNG's limits were not "proven to be operational" because the plant was not completed. PACAN timely petitioned this court for review.

This case turns on whether Rio Grande LNG's emissions limits were BACT under Texas law. If so, then TCEQ should have either applied those limits to Port Arthur LNG's PSD permit or explained why the limits were not technically feasible.

The Texas Rules of Appellate Procedure authorize the Supreme Court of Texas to "answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent." Tex. R. App. P. 58.1. The issues presented here satisfy those conditions. They also satisfy the three factors that the Fifth Circuit uses in deciding whether to certify:

1) [T]he closeness of the question and the existence of sufficient sources of state law;

2) [T]he degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and

3) [P]ractical limitations on the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.

No. 22-60556

*In re Gabriel Inv. Grp.*, 24 F.4th 503, 507 (5th Cir. 2022). Here, we are presented with a novel question that requires us to interpret a Texas statute. "[A]ny *Erie* guess would involve more divining than discerning." *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 202 (5th Cir. 2020). Comity interests also favor certification because the resolution of this case impacts the procedures of a major state regulator. And we are aware of no practical limitations on certification.

\* \* \*

Accordingly, we CERTIFY the following determinative question of law to the Supreme Court of Texas:

> Does the phrase "has proven to be operational" in Texas's definition of "best available control technology" codified at Section 116.10(1) of the Texas Administrative Code require an air pollution control method to be currently operating under a permit issued by the Texas Commission on Environmental Quality, or does it refer to methods that TCEQ deems to be capable of operating in the future?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. We will resolve this case in accordance with any opinion provided on this question by the Supreme Court of Texas. The Clerk of this Court is directed to transmit this certification and request to the Supreme Court of Texas in conformity with the usual practice.

QUESTION CERTIFIED.